# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| MEKA STALLWORTH, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | NO. 3:20-cv-00932 |
| v. | ) ) | JUDGE CAMPBELL |
| THE REZULT GROUP, INC., | ) ) | MAGISTRATE JUDGE HOLMES |
| Defendant. | ) ) | |

## **MEMORANDUM**

Pending before the Court a Motion for Judgment on the Pleadings filed by Defendant The Rezult Group, Inc. ("Rezult"). (Doc. No. 26). Plaintiff filed a Response (Doc. No. 31), and Rezult filed a reply (Doc. No. 36).

## I.  BACKGROUND

Rezult is a corporation that provides staffing for companies in the technology, finance, and healthcare IT sectors across the United States. (Doc. No. 1, ¶¶ 16-17). Plaintiff worked as a "trainer" for Rezult in Pennsylvania from December 2018 to April 2019. (*Id*., ¶¶ 8, 30). She alleges she regularly worked more than 40 hours a week and was paid the same hourly rate regardless of the number of hours worked. (*Id*., ¶¶ 31, 36-37). Plaintiff brings claims for violation of the overtime wage provisions of the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA").

## II.  STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard for evaluating a motion for

judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014). "In reviewing a motion for judgment on the pleadings, we construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Id*. (internal quotation marks and citations omitted).

"The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claims plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). In making this determination, the Court disregards "bare legal conclusions and 'naked assertions,' affording the presumption of truth only to genuine factual allegations." *Dakota Girls v. Philadelphia Ins. Co.*, 17 F.4th 645, 648 (6th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recital of the elements of a cause of action … supported by mere conclusory statements" will not suffice. *Id.* at 648. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 663.

### III. ANALYSIS

Rezult contends that Plaintiff was an independent contractor, not an employee, and argues the Complaint does not provide sufficient factual allegations to plausibly allege an employee-employer relationship between the parties. As evidence of Plaintiff's status as an independent contractor, Rezult filed a copy of an agreement under which Rezult agreed to subcontract with Plaintiff for Plaintiff to work for a third-party for a specified hourly rate. (Doc. No. 27-1).

Plaintiff argues that the Court should not consider the agreement between the parties because it is outside the scope of the pleadings and that she satisfied the notice pleading standards of Rule 8 of the Federal Rules of Civil Procedure.

**A. The Subcontract Agreement Is Outside the Scope of the Pleadings**

In ruling on a motion under Rule 12(c), the Court may look only at the "pleadings." *Doe v. Belmont Univ.*, 334 F. Supp. 3d 877, 887 (M.D. Tenn. 2018). The term "pleadings" includes both the complaint and the answer, Fed. R. Civ. P. 7(a), and "[a] copy of any written instrument which is an exhibit to a pleading and is a part thereof for all purposes." Fed. R. Civ. P. 10(c). Although the Court's decision primarily rests on the allegations of the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[] also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

The subcontractor agreement is neither attached to nor directly referenced in the pleadings. Defendant's argument that the agreement is central to the claims because it established her hourly rate of pay and negates Plaintiff's claim that she was an employee is not well taken. It is well established that the designation of a worker as an independent contractor in an agreement is not dispositive of that worker's employment status. *See Keller v. Miri Microsystems, LLC*, 781 F.3d 799, 808 (6th Cir. 2015) (holding that the existence of a contract is irrelevant because "the FLSA is designed to defeat rather than implement contractual arrangements"); *see also*, *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) (holding FLSA rights cannot be abridged by contract or otherwise waived). Because the subcontract agreement is neither referred to in the Complaint, nor central to the claims, the Court does not consider the subcontractor agreement in deciding Defendant's motion for judgment on the pleadings.

## B. The Complaint Does Not Plead Facts Sufficient to Establish an Employer-Employee Relationship

The Court proceeds to consider whether Plaintiff has plausibly alleged a claim for violation of the FLSA and PWMA.[1] To state a claim under the FLSA, a plaintiff must state sufficient facts to allege, "(1) the existence of an employer-employee relationship, (2) the employees are protected by the FLSA, and (3) the employer's failure to pay the employee overtime or a minimum wage as required for those acts." *Simpson v. Baskin*, No. 3:17-cv-01077, 2018 WL 1070897, at *4 (M.D. Tenn. Feb. 26, 2018). Defendant argues Plaintiff has not provided sufficient factual allegations to establish that she was an "employee" under the FLSA.

The FLSA defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). "Employ" is defined as "suffer or permit to work." 29 U.S.C. § 203(g). "The definition of 'employee' in this context is 'strikingly broad' and includes 'some parties who might not qualify as such under a strict application of agency law principles.'" *Acosta v. Off Duty Police Svcs., Inc.*, 915 F.3d 1050, 1055 (6th Cir. 2019) (quoting *Keller v. Miri Microsystems, LLC*, 781 F.3d 799, 804 (6th Cir. 2015)).

To determine whether a worker is an "employee" under the FLSA, the Court disregards the labels attached to the worker and instead looks to see whether the worker is, as a matter of "economic reality," an "employee." *Id*. The economic reality test considers six factors, none of which is determinative. *Off Duty Police*, 915 F.3d at 1055. Each of the factors is considered "with an eye toward the ultimate question – [the worker's] economic dependence on or independence from the alleged employer." *Id*. (quoting *Keller*, 781 F.3d at 804). The six factors are: (1) the

---

[1] Pennsylvania courts analyze overtime violations under the PMWA and the FLSA under the same framework. *See Razak v. Uber Techs., Inc.*, 951 F.3d 137, 142 (3d Cir. 2020) (applying the same economic realities test as under the FLSA to determine the existence of an employee-employer relationship and finding that "Pennsylvania states courts have looked to federal law regarding the FLSA for guidance in applying the PMWA").

permanency of the relationship between the parties; (2) the degree of skill required for the rendering of the services; (3) the worker's investment in equipment or materials for the task; (4) the worker's opportunity for profit or loss, depending upon his skill; (5) the degree of the alleged employer's right to control the manner in which the work is performed; and (6) whether the service rendered is an integral part of the alleged employer's business. *Id*. (citing *Keller*, 781 F.3d at 807). After evaluating these factors, "the court's ultimate conclusion as to whether plaintiffs were employees is a question of law." *Jammal v. Am. Fam. Ins. Co.*, 914 F.3d 449, 455 (6th Cir. 2019).

The factual allegations alleged in the Complaint fall short of providing a plausible basis to conclude that Plaintiff was an employee. The Complaint states only that Plaintiff worked as a "trainer" and "perform[ed] the various consulting and related services for Rezult Group" for an hourly rate for a limited period of time, and that she regularly worked more than forty hours a week. (Doc. No. 1, ¶ 8, 27-30). The Complaint provides comparably little information about Rezult, stating only that it "provides staffing solutions for companies in the technology, accounting, finance, and healthcare IT sectors across the United States." (*Id*., ¶ 17). Even viewed in the light most favorable to Plaintiff, these facts are insufficient to plausibly allege the existence of an employer-employee relationship. The Complaint provides no facts discussing the nature of Plaintiff's work, the skill and training involved, how she was supervised, or anything about the employer's business.

Because Plaintiff has not pleaded sufficient facts to plausibly allege the existence of an employer-employee relationship, Defendant's motion to for judgment on the pleadings will be granted.

5

Case 3:20-cv-00932    Document 46    Filed 02/28/22    Page 5 of 6 PageID #: 301

**C. Leave to Amend**

In her Response to Defendant's motion for judgment on the pleadings, Plaintiff requests the Court grant her the opportunity to amend her Complaint to cure any deficiency. (Doc. No. 31 at 5).

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend shall be freely given "when justice so requires." "[I]mplicit in [Rule 15(a)] is that the district court must be able to determine whether 'justice so requires,' and in order to do this, the court must have before it the substance of the proposed amendment." *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (quoting *Roskam Baking Co. v. Lanham Machinery Co.*, 288 F.3d 895, 906 (6th Cir. 2002)). The Local Rules reflect this requirement: "A motion to amend a pleading must: (1) Describe the reasons supporting the proposed amendments and the substance of the amendments sought, and include as an appended exhibit the signed proposed amended complaint." Local Rule 15.01(a).

Despite ample opportunity, Plaintiff has filed neither a motion for leave to amend, nor a proposed amended complaint; nor does the request in the memorandum explain what facts would be added to cure the deficiency. *Beydoun*, 871 F.3d at 469-70 (affirming denial of request for leave to amend contained in a response to a motion to dismiss without particular grounds on which amendment was sought). Accordingly, Plaintiff's request for leave to amend is denied.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion for Judgment on the Pleadings (Doc. No. 26) is **GRANTED** and the Complaint will **DISMISSED WITHOUT PREJUDICE**.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE